# United States Court of Appeals for the Fifth Circuit

No. 22-50111

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2023

Lyle W. Cayce
Clerk

Kent Graham; Colette Savage,

*Plaintiffs—Appellants*,

*versus*

Mark Savage; Michael McDonald; Vijay Mehta; Thomas Gray, 10th Court of Appeal; Rex Davis, 10th Court of Appeal; Lee Harris, Judge 66th Hill District Court,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-151

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.
Per Curiam:*

The facts underlying the original state court suit are complicated, but in essence this case involves a family feud over an inheritance. The Savages left a trust to their two children—Mark and Colette. After a few twists and turns, Colette ended up in debt to Mark after he defended his half-brother's probate litigation on Colette's behalf. In an attempt to repay Mark, Colette

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

signed a promissory note, secured by a deed of trust on six tracts of land. Colette made a few payments, but eventually defaulted. Thereafter, Mark initiated foreclosure proceedings on three of the six properties.

Colette has since filed multiple lawsuits in state court, as well as lawsuits in at least two federal district courts challenging this promissory note, deed of trust, and foreclosure. Both federal lawsuits challenge various state court orders and seek relief from state court judgments.

The Northern District of California found that, at its core, Colette's lawsuit "amounts to a forbidden de facto appeal of state court decisions that entered judgment against her in Defendant's favor regarding a promissory note she executed in Texas." The district court concluded that such a lawsuit was barred under the *Rooker-Feldman* doctrine. The Western District of Texas agreed and dismissed the lawsuit for lack of subject matter jurisdiction.

The *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The district court properly dismissed Colette's claims, as they are inextricably intertwined with the state court judgment and proceedings regarding this note, deed of trust, and foreclosure, so her lawsuit is barred by the *Rooker-Feldman* doctrine.

Accordingly, the district court's judgment is AFFIRMED.